IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW MICHAEL SHANTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:21-CV-03249-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Matthew Shanta's applications for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had the severe impairments of Crohn's disease, generalized anxiety disorder, migratory osteoarthritis, major depressive disorder, borderline personality disorder, lumbar radiculopathy/lumbar degenerative disk disease, and post-traumatic stress disorder. But she also found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with certain restrictions, including work as a marker, collator operator, and routing clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI on December 14, 2016, alleging a disability onset date of August 30, 2016. The Commissioner denied the applications at the initial claim level and, after a hearing, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council remanded the case back to the ALJ. On December 14, 2020, after another hearing, the ALJ issued a single-spaced, twenty-two-page decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 26, 2021, leaving the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four. Plaintiff raises three related arguments that attack the ALJ's failure to include RFC limitations that account for Plaintiff's alleged needs of "ready access to a restroom," "unscheduled restroom breaks…of up to thirty minutes," and "fifteen minutes of advance notice of a need for a restroom break." R. at 34. More specifically, Plaintiff argues that the ALJ erred in formulating the RFC because she: (1) failed to provide a "logical bridge" or function-by-function analysis explaining precisely why those limitations were rejected; (2) erroneously gave the opinion of Plaintiff's treating Family Nurse Practitioner Edrie Wichern "little weight," even though it included these bathroom break and access limitations; and (3) erroneously rejected Plaintiff's and Plaintiff's mother's allegations regarding these limitations. The Court addresses each argument in turn.

**I. The RFC is not legally flawed.**

Plaintiff contends the ALJ erred as a matter of law in two related ways. First, Plaintiff argues the ALJ failed to provide a "logical bridge" between the medical evidence and the conclusion that the bathroom break and proximity limitations were unwarranted. Second, and

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

dovetailing with the first argument, Plaintiff insists that the ALJ erred by failing to explain in detail why she did not include these limitations.

These arguments lack merit. On the first argument, this Court has repeatedly rejected the "logical bridge" or "logical narrative" argument on facts almost identical to those here. The ALJ provided a painstakingly detailed single-spaced, twelve-page analysis of the medical and other record evidence that supported the Plaintiff's RFC. R. at 23–36. That analysis explicitly discussed Plaintiff's Crohn's disease, the symptoms of diarrhea and abdominal pain that arose from the disease, the medical and other evidence regarding this disease and its symptoms, and the alleged limitations for bathroom breaks and proximity that were allegedly linked to this disease and its symptoms. R. at 24–30, 32, 34–35. This provided a sufficient narrative bridge between the evidence and the RFC determination. *See Smith v. Colvin*, No. 6:14-CV-03444-DGK-SSA, 2016 WL 740303, at *4 (W.D. Mo. Feb. 24, 2016) (rejecting same argument on similar facts)*; Bradley v. Colvin*, No. 3:14-05052-DGK-SSA, 2015 WL 2365607, at *3 (W.D. Mo. May 18, 2015) (same); *McHenry v. Colvin*, No. 14-CV-209-SJ-DGK-SSA, 2015 WL 71404, at *5 (W.D. Mo. Jan. 6, 2015) (same).

The related argument about how every proposed limitation rejected by an ALJ must be explicitly discussed in detail meets a similar fate. The Eighth Circuit long ago held that an ALJ does not err by failing to make explicit findings with respect to each functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003). And it recently rejected the same argument Plaintiff is making and made clear that the court "reviews the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but does not require an ALJ to mechanically list and reject every possible limitation." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)).

Not only has the Eighth Circuit roundly rejected this argument multiple times, but this Court has done so on numerous occasions. *See Menter v. Kijakazi*, No. 6:20-CV-003198-DGK-SSA, 2022 WL 188146, at *2 (W.D. Mo. Jan. 20, 2022) (rejecting this same argument made by the same attorney and collecting eight cases in which this Court previously rejected this argument).

The ALJ did not err in as a matter of law in the way she dealt with the proposed limitations of bathroom breaks and proximity.

## II. The ALJ did not err in assessing the opinion evidence.

Plaintiff next argues that the ALJ erred by giving "little weight" to the opinion of her treating medical source Edrie Wichern, FNP-C, and failing to include her proposed limitations on bathroom breaks and proximity. Ms. Wichern checked boxes on a form indicating, among other things, that Plaintiff would need "ready access to a restroom," need to "take unscheduled restroom breaks" that may take up to 30 minutes, and that he needed 10-15 minutes "advance notice" for a restroom break. R. at 656–57. According to Plaintiff, the ALJ did not give "good reasons" for discounting this opinion.

Under the regulations in effect when Plaintiff applied for disability,[2] "when a treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (citing 20 C.F.R. § 404.1527(c)(2)). An "ALJ must 'give good reasons' to explain the weight given the treating physician's opinion." *Id.* Good reasons to discount an opinion exist "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (internal quotation marks omitted). Another

---

[2] The regulations governing the ALJ's treatment of opinion evidence changed a little less than a year after Plaintiff's application. *See* 20 CFR § 404.1520c.

"good reason" to discount a treating sources opinion is when it is based on the discredited subjective complaints of the claimant. *See Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016); *Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016). It is also permissible to discredit the opinion "when it consists of nothing more than vague, conclusory statements," *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014) (internal quotation marks omitted), or is "inconsistent with the record," *Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022). And an ALJ may assess "little evidentiary value" to a treating sources opinions if it is "rendered on a check-box and fill-in-the-blank form" with little or no explanation or citation to medical evidence. *Swarthout*, 35 F.4th at 611; *Anderson*, 696 F.3d at 794; *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

The ALJ did not err in giving Ms. Wichern's opinion little weight. First, the opinion was vague, conclusory, and on a checkbox form. R. at 655–658; *see Swarthout*, 35 F.4th at 611; *Toland*, 761 F.3d at 937. Second, Ms. Wichern provided little, to no, explanation for the basis of her opinion and did not cite to medical evidence supporting it. *Id.* Third, the opinion also was based in part on Plaintiff's subjective complaints, R. at 655, and the ALJ found in her opinion that Plaintiff's complaints were not entirely credible, R. at 24, 35–36; *see Julin*, 826 F.3d at 1089; *Reece*, 834 F.3d at 909. Fourth, it was inconsistent with some of Ms. Wichern's treatment notes and other treatment providers notes that indicated no diarrhea or abdominal pain during some appointments, normal examination findings on his abdomen, improving symptoms, effectiveness of medication, and benign CT scans. R. at 602, 631, 663, 666, 688–89, 1017–21, 1033, 1039, 1107, 1110, 1117, 1224, 1284, 1298, 1353, 1360, 1362, 1366.

The ALJ's decision not to include a bathroom break and proximity limitation is not only supported by the discounting of Ms. Wichern's opinion, but it is also consistent with the partial weight given to Dr. Gabriel Ander's consultative examination opinion. Dr. Ander's examined

6

Case 6:21-cv-03249-DGK   Document 13   Filed 10/25/22   Page 6 of 8

Plaintiff in March 2020. R. at 1295. Despite noting Plaintiff's complaint that he struggles with "chronic diarrhea," R. at 1295, 1299, Dr. Ander's did not include any limitations regarding bathroom breaks or proximity in his ultimate functional limitation opinion. R. at 1304–08. Thus, the ALJ's decision to exclude any limitations on bathroom breaks and proximity was consistent with other opinion evidence in the record.

To be sure, some treatment notes and medical records reflected that Plaintiff alleged to have diarrhea and abdominal pain during some medical visits. R. at 601, 660, 734–35, 764, 770, 782, 834, 876, 945, 961, 1008, 1010, 1017, 1023–24, 1035, 1313, 1315. The fact that some evidence arguably supports Ms. Wichern's opinion is hardly surprising given that the record spans well over 1,000 pages. *See Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017). But it is the ALJ's role to resolve conflicts in the evidence such as this, *see Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014), and this Court's analysis is confined to simply determining whether the ALJ's decision was within the available zone of choice, *Buckner*, 646 F.3d at 556. Here, the ALJ's treatment of Ms. Wichern's opinion was well within the zone of choice since good reasons and substantial evidence supports it. *See Fentress*, 854 F.3d at 1021; *Buckner*, 646 F.3d at 556.

**III. The ALJ did not err in discrediting allegations of disabling limitations.**

Plaintiff next argues that the ALJ erred in discrediting Plaintiff's and his mother's allegations of disabling bouts of diarrhea and abdominal pain that necessitated bathroom breaks and proximity.

The ALJ did not err in her analysis. The ALJ cited objective medical evidence that undermined Plaintiff and his mother's reports of disabling bouts of diarrhea. R. at 24–30, 32, 35. And the ALJ discussed activities of daily living that were inconsistent with disabling limitations. R. at 23–24, 35–36. These inconsistencies are valid reasons to discount the allegations of disabling

7
Case 6:21-cv-03249-DGK   Document 13   Filed 10/25/22   Page 7 of 8

limitations from Plaintiff and his mother. *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022). And although Plaintiff disagrees with how the ALJ weighed the conflicting evidence, "it is not this Court's role to reweigh the evidence." *Id.*

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: October 25, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT